Leland **TOOTHAKER**

v.

**LAURI, INC. and Hanover Insurance Co.**

Supreme Judicial Court of Maine.

Argued June 14, 1993.

Decided Oct. 6, 1993.

Jeffrey L. Cohen (orally), McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for employee.

Thomas E. Getchell (orally), Anne H. Cressey, Richardson & Troubh, Portland, for employer.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

██ This appeal by the employer, Lauri, Inc., and its insurer presents the question whether an employee receiving payment for total incapacity pursuant to a memorandum of payment is automatically entitled to an inflation adjustment pursuant to 39 M.R.S.A. § 54–B(1) (1989) on the third anniversary of the injury. Because we conclude the answer is no, we vacate the order

compelling payment and the forfeiture based thereon.

On June 2, 1989, Leland Toothaker injured his hand while operating a machine press for Lauri, Inc. At the time of the injury Toothaker's salary was $285.68 per week. On June 28, 1989, the employer filed a memorandum of payment indicating that the employee would receive $190.45 total compensation per week, representing two-thirds of his pre-injury salary. On June 2, 1992, the third anniversary of his injury, Toothaker requested an inflation adjustment pursuant to 39 M.R.S.A. § 54–B.[1] On June 22, 1992, the employer filed a notice of controversy, contending that the employee's benefits were being paid pursuant to 39 M.R.S.A. § 55–B,[2] under which the inflation adjustment is inapplicable. In July 1992 Toothaker filed a petition to compel payment and a petition for assessment of forfeiture.

The parties stipulated 1) that from June 1989 Toothaker was paid total incapacity benefits as reflected in a memorandum of

---

**1.** 39 M.R.S.A. § 54–(B) (1989), then applicable, read in relevant part:

§ 54–B. **Compensation for total incapacity.** While the incapacity for work resulting from the injury is total, the employer shall pay the injured employee a weekly compensation equal to ⅔ his average gross weekly wages, earnings or salary, but not more than the maximum benefit under section 53–B, nor less than $25 weekly.

**1. Annual adjustment.** Beginning on the 3rd anniversary of the injury, weekly compensation under this section shall be adjusted annually. The adjustment shall be equal to the lesser of the actual percentage increase or decrease in the state average weekly wages, as computed by the Bureau of Employment Security, for the previous year or 5%.

. . . .

**2. Limitation.** Any employee who has reached maximum medical improvement and is able to perform full-time remunerative work in the ordinary competitive labor market in the State, regardless of the availability of such work in and around his community, is not eligible for compensation under this section, but may be eligible for compensation under section 55–B. Reasonable moving and relocation expenses for employees who are retrained or rehabilitated under this Act are available as provided in section 87, subsection 2.

**2.** 39 M.R.S.A. § 55–B (1989), as amended by P.L.1989, ch. 575, reads in relevant part:

§ 55–B. **Compensation for partial incapacity.** While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to ⅔ the difference, due to the injury, between his average gross weekly wages, earnings or salary before the injury and the weekly wages, earnings or salary which he is able to earn after the injury, but not more than the maximum benefit under section 53–B. Payments under this section shall not continue for longer than 400 weeks after maximum medical improvement.

This section applies only to employees injured on or after the effective date of this section.

For purposes of determining an injured employee's degree of incapacity under this section, the commission shall consider the availability of work that the employee is able to perform in and around the employee's community and the employee's ability to obtain such work considering the effects of the employee's work-related injury. If no such work is available in and around the employee's community or if the employee is unable to obtain such work in and around the employee's community due to the effects of a work-related injury, the employee's degree of incapacity under this section is 100%.

payment dated June 28, 1989; 2) that Toothaker *had a partial work capacity* in November 1991; and 3) that Toothaker has been unable to locate suitable work within his community. In January 1993 the Workers' Compensation Board concluded that section 54–B applied and that the employee was therefore entitled to an inflation adjustment. The Board also granted the petition for forfeiture at the rate of $5 per day through the date of the decree, finding that the employer had willfully refused to pay the employee his proper benefit rate despite the plain language of the statute. The employer appeals from that decision, contending that the Board erred in determining that on June 2, 1992, the employee was being paid pursuant to section 54–B. We agree.

■■■ The employee argues that he originally was paid pursuant to section 54–B. Because the employer never filed a petition for review of incapacity under 39 M.R.S.A. § 100, Toothaker was still being paid under section 54–B on June 2, 1992, the third anniversary of his injury. He contends, therefore, that he was entitled to the inflation adjustment. Toothaker, however, misconstrues the nature of a memorandum of payment. In *Tompkins v. Wade & Searway Constr. Corp.*, 612 A.2d 874, 876–77 (Me.1992), we held that a memorandum of payment is merely a compensation payment scheme evidencing prepayment of benefits, regardless of either party's intention to controvert the claim or scope of liability. Simply because the employee received full benefits pursuant to the employer's filing of a memorandum of payment does not mean that he was "awarded" total incapacity benefits pursuant to section 54–B. The employee's argument that in order to "change" the nature of the benefits the employer should have petitioned for a review of incapacity is therefore incorrect.

■■■ A memorandum of payment establishes that the employer accepts the compensability of the injury and the claimed level of incapacity. *Stickles v. United Parcel Serv.*, 554 A.2d 1176, 1179 (Me. 1989). In this instance Toothaker's claim was accepted, and the memorandum of payment reflects the level of weekly compensation at the rate for total incapacity. The form does not contain any space for designation of the source of entitlement to compensation, but that initial determination must have been based on section 54–B. When Toothaker regained partial work capacity in November 1991, neither an amended memorandum of payment nor a notice of controversy was necessary because the employer continued to pay compensation for total incapacity pursuant to section 55–B. A new memorandum of payment would reflect no change, there was at that time no controversy, and no useful purpose would be served by the employer petitioning for review of incapacity pursuant to section 100. Moreover, Toothaker's claim that section 54–B is the only source of compensation for total incapacity is simply incorrect. Section 55–B provides that an employee's degree of incapacity *under this section* is 100% when no work is available to a partially disabled employee due to the effects of his work-related injury.

In the circumstances of this case, the employee had the burden to show that on June 2, 1992, he was entitled to benefits for total incapacity pursuant to section 54–B and not 55–B. Before the Board the parties stipulated that "Toothaker evidenced a partial work capacity from a physical standpoint as of November 19, 1991 according to a functional capacities evaluation performed at the Back to Work Center." The Board, therefore, should have denied Toothaker's petition to compel payment because, given the stipulated facts, his physical incapacity was only partial and he was entitled to benefits for 100% incapacity only under section 55–B. The petition for assessment of forfeiture should have likewise been denied.

The entry is:

Decision of the Workers' Compensation Board vacated.

All concurring.